IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 25, 2009

## STATE OF TENNESSEE v. NATHAN BRAD CORNWELL

**Direct Appeal from the Criminal Court for Hamblen County**
**No. 07CR897     John F. Dugger, Jr., Judge**

───────────

**No. E2008-01706-CCA-R3-CD - Filed September 9, 2009**

───────────

A Hamblen County Criminal Court jury convicted the appellant, Nathan Brad Cornwell, of driving under the influence, third offense, a class A misdemeanor. He was sentenced to eleven months and twenty-nine days and fined one thousand, one hundred and ten dollars. The court also ordered that his driving license be suspended for three years. On appeal, he challenges the sufficiency of the convicting evidence. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Blake E. Sempkowski, Morristown, Tennessee, for the appellant, Nathan Brad Cornwell.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; C. Berkeley Bell, Jr., District Attorney General; and Kevin Keeton, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Factual Background**

At trial, Officer Devin Cribley of the Morristown Police Department testified that on September 3, 2007, around midnight, he was on patrol when he noticed a disturbance in the parking lot at the Ebony Outdoorsman. Officer Cribley pulled into the parking lot and spoke with the appellant. The appellant told Officer Cribley that he worked at the club. Officer Cribley noticed that the appellant's eyes were bloodshot and that he smelled of alcohol. After determining that the disturbance had ceased, Officer Cribley left.

Later, around 3:00 a.m., Officer Cribley saw a vehicle "speed and spin tires" out of the club's parking lot. Officer Cribley turned around and followed the vehicle. He observed the vehicle travel in the middle of the road for "roughly a mile, a mile and a half" before he turned on his blue lights

and stopped it. When he approached the car, he recognized the appellant as the driver. The appellant still smelled of alcohol and had bloodshot eyes. The appellant told Officer Cribley that he consumed five beers during the course of the evening and that he drank the last one "right before" he left the club. According to Officer Cribley, the appellant had "somewhat of a thick tongue, slurred speech."

Officer Cribley described the "walk and turn" and the "one-legged stand" field sobriety tests that he administered to the appellant. In sum, he stated that the appellant exhibited several indicators of impairment on the "walk and turn" test and that he exhibited three out of four clues of impairment on the "one-legged stand" test. Based on the appellant's performance, Officer Cribley concluded that the appellant was too impaired to drive safely and placed him under arrest. A videotape of the field sobriety tests was played for the jury.

Officer Cribley testified that the appellant was initially reluctant to submit to a breathalyzer test but that he eventually consented. Officer Cribley observed the appellant for twenty minutes and directed the appellant to blow into the breathalyzer. Officer Cribley said that instead of taking a deep breath and blowing constantly, the appellant appeared to be "barely blowing" into the breathalyzer. He explained to the appellant that the test required a deeper breath. Officer Cribley described the appellant's second attempt as "pretty much the same thing, you know, just not really giving a hundred percent. Trying to - - not trying to blow the way I was explaining to do it." The third attempt also produced an insufficient sample.

On cross-examination, Officer Cribley admitted that he did not note in his police report that the appellant squealed tires as he drove out of the club's parking lot. He also admitted that physical exhaustion may affect performance on field sobriety tests and that he never offered the appellant a blood test.

The appellant testified that on September 3, 2007, he worked from 8:00 a.m. to 4:00 p.m. at the Cracker Barrel restaurant before going to work as a bartender at the club at 6:00 p.m. He said that he had his first beer around 6:30 p.m. By the time he saw Officer Cribley at the club around 11:30 p.m. or midnight, he had consumed "no more than three" beers. He had another beer around 1:00 a.m. and a final beer shortly before he left the club around 2:30 a.m. The appellant testified that he felt fine and was not impaired when he got into his car to leave the club. He denied pulling out of the parking lot recklessly. He explained that there was a "ditch-like" area at the roadway and that pulling out of the parking lot at a high rate of speed would risk damaging his car. He said that the road was crooked and had potholes and that driving in the middle of the road was not uncommon. He said that he was tired and nervous when he took the field sobriety tests.

The appellant claimed that he followed Officer Cribley's instructions and tried his best to provide a sufficient sample for the breathalyzer test. He said that he had smoked cigarettes for fifteen years and sometimes got short of breath. At one time, he had a collapsed lung and fluid around the other lung. He acknowledged that he had not been diagnosed with a lung condition

caused by smoking. He said that he asked Officer Cribley to take him to the emergency room for a blood test when the breathalyzer did not register his blood alcohol level.

Following the appellant's testimony, the State recalled Officer Cribley. Officer Cribley testified that the appellant never requested a blood test.

## II. Analysis

On appeal, the appellant contends that the evidence is insufficient to support his conviction. He claims that nervousness and fatigue, "a less than ideal parking surface," and a distracting spotlight from the police cruiser contributed to his poor performance of the field sobriety tests. He also asserts that because the road had potholes, driving in the middle of the road was "not uncommon." The State contends that the appellant's complaints affect only the weight of the evidence and that the evidence is sufficient to support the conviction. We agree with the State.

When an appellant challenges the sufficiency of the convicting evidence, the standard for review by an appellate court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions concerning the credibility of witnesses and the weight and value to be afforded the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact. State v. Bland, 958 S.W.2d 651, 659 (Tenn. 1997). This court will not reweigh or reevaluate the evidence, nor will this court substitute its inferences drawn from the circumstantial evidence for those inferences drawn by the jury. Id. Because a jury conviction removes the presumption of innocence with which a defendant is initially cloaked at trial and replaces it on appeal with one of guilt, a convicted defendant has the burden of demonstrating to this court that the evidence is insufficient. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The appellant was found guilty of driving under the influence of an intoxicant. Tennessee Code Annotated section 55-10-401(a)(1) provides that it is unlawful for any person to drive or be in physical control of an automobile on any public road, highway, street or alley while under "the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system." The proof showed that the appellant consumed at least five beers over an eight-hour period, finishing the last one immediately before he got into the car to drive. Officer Cribley testified that the appellant smelled of alcohol, that he had bloodshot eyes and slurred speech, and that he performed poorly on the field sobriety tests. The jury saw the videotape of the field sobriety tests and heard both Officer Cribley's and the appellant's testimony regarding the insufficient samples the appellant provided for the breathalyzer test. The jury acted within its province when it agreed with Officer Cribley's assessment that the appellant was driving under the influence of an intoxicant. Accordingly, we conclude that there was sufficient evidence to sustain the appellant's conviction.

## II.  Conclusion

Based upon our review of the record, the judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE